**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ABDULKARIM M. DAHIR,<br><br>Plaintiff,<br><br>v.<br><br>KEITH ELLISON, ADAM KUJAWA, SCOTT HALDEMAN, KIRSI POUPORE, ADAM KOHNSTAMM, ALEXANDRIA KIELEY (Mountain), and CHRISTOPHER J. FLOREY *in their individual and official capacities*, and LORI SWANSON *in her individual capacity*,<br><br>Defendants. | Civil No. 18-2980 (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

Abdulkarim M. Dahir, 10563 Alamo Street NE, Blaine, MN 55449, *pro se* plaintiff.

Kathryn Iverson Landrum, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Plaintiff Abdulkarim M. Dahir brought this 42 U.S.C. § 1983 action against then-Minnesota Attorney General Lori Swanson and various employees of the Minnesota Attorney General in both their official and individual capacities. Dahir alleges Defendants violated his procedural and substantive due process rights under the Fifth and Fourteenth Amendments as a result of Defendants' using his name in the complaint of a state criminal case against a business he owned. Defendants moved to dismiss under Fed. R. Civ. P.

12(b)(1) and 12(b)(6). Dahir also separately moved to object in part to Defendants' letter notifying the Court that, pursuant to Fed. R. Civ. P. 25(d), now-Attorney General Keith Ellison must automatically replace then-Attorney General Lori Swanson in her official capacity as a Defendant.

Now before the Court is a report and recommendation ("R&R") issued by the Magistrate Judge on both motions, along with Dahir's objections to the R&R. Because the Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1) and Dahir fails to plead a plausible claim under Fed. R. Civ. P. 12(b)(6), the Court will overrule Dahir's objections to the R&R in part and grant in part, adopt the R&R issued by the Magistrate Judge, and dismiss Dahir's complaint with prejudice.

## BACKGROUND

This case stems from a state court conviction against Dahir's business and a clerical error that resulted in Dahir appearing as a convicted felon in the Minnesota Court Information System ("MNCIS").[1] In 2015, the Minnesota Attorney General's Office filed criminal Medicaid fraud charges in state court against Twin Cities Care Services ("TCCS"), a limited liability company owned by Dahir. (Compl. at 8 ¶ 1, Oct. 22, 2018, Docket No. 1; Defs.' Mem. Supp. at 1–2, Feb. 7, 2019, Docket No. 21.)

The initial and first amended complaint against TCCS listed Dahir as the owner of TCCS in the case caption and referred to Dahir in the body of the complaint. (Compl. at 8

---

[1] MNCIS is an online court records system. *See* http://pa.courts.state.mn.us/default.aspx.

¶ 1; Aff. of Kathryn Iverson Landrum ("Landrum Aff.") ¶ 3-4, Ex. B at 17, Ex. C at 28, Feb. 7, 2019, Docket No. 22.) References to Dahir were removed from the caption in the second amended complaint but remained in the body. (Compl. at 8 ¶ 3; Landrum Aff. ¶ 5, Ex. D at 41.)

TCCS then filed a "poorly prepared and argued motion to strike" any reference to Dahir in the body of the complaint as surplusage.[2] (Compl. at 8 ¶ 4; Landrum Aff. ¶ 6, Ex. E at 51.) TCCS was eventually convicted on four counts of fraud. (*See* Compl. at 9 ¶ 6.) After the conviction of TCCS Dahir conducted a self-search in MNCIS and found that he appeared as a convicted felon under the same the four counts of fraud. (*Id.* at 9 ¶ 7.) Dahir then filed a motion asking the state court to correct the court records. (*Id.*) The state court denied the motion and Dahir appealed. (*Id.* at 9 ¶11; Landrum Aff. ¶ 11, Ex. J at 85.)

The Court of Appeals reversed in part and affirmed in part. *State v. Twin Cities Care Servs.*, No. A17-2070, 2018 WL 3614156, at *2 (Minn. Ct. App. July 30, 2018). The Court of Appeals held that references to Dahir in the caption and MNCIS were clerical errors that should be corrected. *See id.* at *1 (noting the state filed an amended complaint "removing appellant's name and birth date from the case caption" and "[t]o the extent that any such references remain," ordering correction). The Court of Appeals denied Dahir's request to remove his name from the body of the complaint, however, because the fact that Dahir was the owner of TCCS was "factually accurate and relevant to the charges contained

---

[2] Because Dahir was not a defendant in the state court proceedings, it was TCCS that moved to remove any reference to Dahir in the complaint. (Compl. at 8 ¶ 4.)

in the complaint." *Id.* at *2 (quotations and citation omitted). Dahir did not appeal this decision. (Compl. at 10 ¶ 17.)

Dahir filed the present complaint on October 22, 2018. (Compl. at 1.) Dahir acknowledges he was never actually charged with, nor convicted of, any crime. (*See* Pl.'s Mem. at 12, Feb. 28, 2019, Docket No. 30.) Dahir argues, however, he was "accused and convicted by proxy" violating his Fifth and Fourteenth Amendment rights to due process of law. (Compl. at 5.) Dahir lists thirteen counts of opportunities Defendants had to "correct any showing that Dahir was a party and a defendant" in the TCCS case. (*Id.* at 11–18 ¶¶ 20–65.) Dahir claims $53,155,000 in damages as a result of harm to his reputation allegedly caused by Defendants conduct. (*See id.* at 19–25.)

Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on February 7, 2019. (Defs.' Mot. Dismiss at 1, Feb. 7, 2019, Docket No. 18; Defs.' Mem. Supp. at 5–6, Feb. 7, 2019, Docket No. 21.) Defendants also notified the Court that current Attorney General Keith Ellison should be automatically substituted as a defendant for any claims against former Attorney General Lori Swanson in her official capacity under Fed. R. Civ. P. 25(d). (Letter from Kathryn Iverson Landrum, Jan. 18, 2019, Docket No. 12.) Dahir responded to Defendants' motion to dismiss on February 28, 2019. (*See* Pl.'s Mem., Feb. 28, 2019, Docket No. 30.) Dahir also objected in part and conceded in part to Defendants letter informing the Court that Attorney General Ellison automatically assumes any claims made by Dahir against Defendant Swanson in her official capacity as Attorney General. (Pl.'s Mot. Obj., Feb. 8, 2019, Docket No. 26.) Defendants responded to Dahir's memorandum opposing dismissal, and the Magistrate Judge granted Dahir's request to file

an additional response. (*See* Defs.' Reply, March 14, 2019, Docket No. 32; Order, April 2, 2019, Docket No. 35.) Dahir then filed an additional response. (Pl.'s Response, April 24, 2019, Docket No. 36.) A hearing was held before the Magistrate Judge on May 23, 2019. (Minute Entry, May 23, 2019, Docket No. 38.)

The Magistrate Judge issued an R&R recommending that Defendants' Motion to Dismiss be granted under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Dahir's Motion Objecting in Part and Conceding in Part be deemed moot, and Dahir's Complaint be dismissed with prejudice. (R&R at 14, July 23, 2019, Docket No. 39.) Dahir objected to the R&R. (Obj. to R&R, Aug. 6, 2019, Docket No. 45.) Defendants responded. (Response to Obj., Aug. 20, 2019, Docket No. 48.) The Court then granted Dahir's request to file a Surreply to Defendants' Response. (Surreply, Aug. 25, 2019, Docket No. 51.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). A party's objections "should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive issues, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to

and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.  DAHIR'S OBJECTIONS

As an initial matter, Dahir objects several times throughout his filing that the Magistrate Judge has relied on an alternative complaint or alternative facts put forward by Defendants. It appears that Dahir is referring to the Magistrate Judge's consideration of public court records necessarily embraced by Dahir's complaint. This general objection is meritless. "On a motion to dismiss, '[t]he court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record.'" *Markewich ex rel. Medtronic, Inc. v. Collins,* 622 F. Supp. 2d 802, 806 (D. Minn. 2009) (citations omitted). Thus, the Court will overrule Dahir's objections to this extent.

Dahir also objects to the R&R for five other reasons, specifically identifying the portions of the R&R to which he objects. First, Dahir argues that *Rooker-Feldman* does not apply. Second, Dahir argues that *Monell v. Dept. of Social Services* does not apply to his claims against Swanson or Poupore because his claims are not vicarious. Third, Dahir argues that the Eleventh Amendment does not apply. Fourth, Dahir argues that his procedural and substantive due process were violated. And finally, fifth, Dahir argues that, prosecutorial immunity does not apply. The Court will review these objections de novo.

### A. Application of *Rooker-Feldman*

Dahir argues that *Rooker-Feldman* is inapplicable because Dahir is not asking the Court to reject any state court judgment. The *Rooker-Feldman* doctrine divests jurisdiction from federal district courts to review or reverse state court decisions. *See Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999) (explaining the *Rooker-Feldman* doctrine). To the extent that Dahir's claims for damages relate to the inclusion of his name in the body of the complaint, Dahir's claims fall within the *Rooker-Feldman* doctrine because holding otherwise would invite the Court to reverse a state court decision, here the Court of Appeals. *See, e.g., Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 513 (8th Cir. 1999) (noting "a federal court may not assume jurisdiction over an action pleaded under 42 U.S.C. § 1983 which actually seeks to raise a claim already decided in state court") (citations omitted).

However, to the extent that Dahir claims damages relating to the inclusion of his name in the caption of the TCCS case and clerical errors in the court records, *Rooker-Feldman* does not apply as "the state judgment is not under attack or in danger of nullification." *Id.* The Court of Appeals ruled in Dahir's favor on that issue and ordered the caption and court records to be corrected. *See Twin Cities Care Servs.*, No. A17-2070, 2018 WL 3614156, at *1. On this issue, the "state judgment will not be affected by the federal action." *Canal Capital Corp.*, 169 F.3d at 513. At most, a ruling in Dahir's favor would result in "a determination that some amount" must be paid to Dahir by Defendants. *Id.*

Therefore, to the extent Dahir's claims ask for damages relating to the inclusion of his name in the body of the complaint, the Court will overrule Dahir's objections and adopt the R&R. However, to the extent that Dahir seeks damages relating to clerical errors in the court records and inclusion of his name in the case caption, the Court will grant Dahir's objection and find that *Rooker-Feldman* does not apply.

### B. Vicarious Liability Claims Against Swanson and Poupore

Dahir also objects to the R&R finding that his claims against Defendant Swanson and Poupore are barred by *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Dahir only objects to whether his claims against Swanson and Poupore are vicarious. Dahir has not alleged Swanson's or Poupore's personal involvement, only that each failed to properly supervise their subordinates. Thus, the Court will overrule Dahir's objection and adopt the Magistrate Judge's R&R as it pertains to Dahir's claims against Swanson and Poupore.

### C. The Eleventh Amendment

Dahir objects to the R&R's finding that the Eleventh Amendment bars his claims against Defendants in their official capacity. The Eleventh Amendment bars private actions against state officials in their official capacities unless the state consents. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). Dahir acknowledges his claims against Defendants arise from actions in their official capacity but argues that Defendants acted intentionally and thus, the doctrine of official immunity is inapplicable. (Obj. to R&R at 6–7.) Dahir cites *Hayek v. St. Paul* for support. 488 F.3d 1049, 1055-56 (8th Cir. 2007). Dahir, however, confuses official immunity under state law with immunity

provided by the Eleventh Amendment.[3] *See id.* (discussing official immunity as it relates to state law claims). Dahir therefore presents no basis for objecting to the R&R on dismissal under the Eleventh Amendment. (*Id.*) Accordingly, the Court will overrule Dahir's objection and adopt the R&R on dismissal of all official capacity claims under the Eleventh Amendment.

### D. Procedural and Substantive Due Process

Dahir objects to the R&R, arguing that his procedural and substantive due process rights were violated. The Court will overrule Dahir's objections and adopt the R&R as it relates to procedural and substantive due process for the reasons discussed below.

#### 1. Procedural Due Process

Dahir first argues his procedural due process rights were violated because he was charged with crimes and never afforded his day in court. Dahir also claims he suffered more than just reputational harm, noting his alleged $53,155,000 in lost-opportunity damages are "based on actual economic losses as a result of Defendants' conduct and not, merely, on 'reputation.'" (Obj. to R&R at 10.) Dahir, however, was not actually a co-defendant in the TCCS case and was never personally charged with or convicted of any crime. Further, all of Dahir's claims for damages arise from alleged reputational harm. Dahir does not object to the R&R finding that damage to one's reputation alone is not a

---

[3] Dahir again refers to official immunity in his objection to the R&R finding that there is no violation of due process. Official immunity is not claimed by Defendants and not discussed in the R&R. Therefore, the Court will overrule Dahir's objections to the extent they object to the application of official immunity because the R&R does not recommend dismissal on official immunity grounds.

-9-

protected liberty interest. Thus, the Court will overrule Dahir's objection and adopt the R&R on procedural due process.

### 2. Substantive Due Process

Dahir appears to object to the R&R on the grounds that his substantive due process rights were violated because Defendants' actions "shock the conscious." (*Id.* at 10–11.) Defendants actions do not rise to the "truly egregious and extraordinary" level to shock the conscious and sustain a substantive due process claim.[4] *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (citation and quotations omitted). Dahir's name was removed from the case caption in the second amended complaint and court records were corrected by the Court of Appeals. The Court of Appeals also did not overrule a decision to keep Dahir's name in the body of the complaint. Thus, the Court will overrule Dahir's objection and adopt the R&R as to substantive due process.

### E. Prosecutorial Immunity

Dahir appears to object to the R&R on the grounds that prosecutorial immunity does not apply for two reasons. First, Dahir argues that prosecutorial immunity does not apply because Defendants filed felony charges against Dahir knowing Dahir "will never be given the constitutional rights accorded to criminal defendants." (Obj. to R&R at 12.) Dahir's

---

[4] Dahir requested that the Court review Plaintiff's Response, April 24, 2019, Docket No. 36, at 2, 3 and FN02. The Court has conducted a de novo review and has reviewed the record. The above pages and footnote pointed to by Dahir only summarize why Dahir believes TCCS was convicted and argue that discussion of the TCCS case is immaterial to Dahir's present claims. These citations provide nothing to show why or how Defendants' conduct would sustain a substantive due process claim.

objection on this ground is meritless because, as already noted, Dahir was never actually a defendant in the TCCS case and felony charges were not filed against him.

Second, Dahir argues that prosecutorial immunity does not extend to investigators like Defendant Mountain.[5] Dahir cites *Stresemann v. Jesson*, 868 N.W.2d 32 (Minn. 2015) for support. While *Stresemann* is not controlling in this § 1983 matter, Dahir nevertheless misconstrues its holding. In *Stresemann*, the state Supreme Court held that "prosecutorial immunity does not extend to an investigator whose conduct is not intimately involved with the initiation and maintenance of criminal charges." *Stresemann*, 868 N.W.2d at 35. The investigator's conduct in *Stresemann* involved losing certain documents retained by the state. *Id.* at 33. Here, however, the alleged conduct of Defendant Mountain involved the signing of an affidavit and complaint, directly related to the initiation and maintenance of the criminal charges against TCCS making *Stresemann* inapplicable to the instant facts.

Because of the reasons state above, the Court will overrule Dahir's objections and adopt the R&R on the issue of prosecutorial immunity.

## CONCLUSION

Dahir's claims against Defendants in their individual and official capacities fail under 12(b)(1) and 12(b)(6). The Court will overrule Dahir's objections in part and grant in part, adopt the Magistrate Judge's R&R to the extent that it is consistent with this order, and grant Defendants' Motion for Dismissal.

---

[5] Formerly known as Defendant Kieley and referred to as such in the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 45] are **OVERRULED in part and GRANTED in part,** and the Magistrate Judge's Report and Recommendation [Docket No. 39] is **ADOPTED in part** consistent with this order;

2. Defendants' Motion for Dismissal [Docket No. 18] is **GRANTED**;

3. Plaintiff's Motion Objecting in Part and Conceding in Part to the Letter Signed by Kathryn Iverson Landrum, Esq. on Behalf of Defendant Lori Swanson [Docket No. 26] is **MOOT**;

4. Plaintiff's Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 18, 2019　　　　　　　　_____ /s/ John R. Tunheim _____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court